UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>COOK INVESTMENTS NW, SPNWY, LLC., et al.,<br><br>                    Debtors,<br><br><br><br>GAIL BREHM GEIGER, Acting United States Trustee for Region 18,<br><br>                    Appellant,<br>  v.<br><br>COOK INVESTMENTS NW, SPNWY, LLC., et al.,<br><br>                  Appellees. | CASE NO. 17-5516 BHS<br><br>Bankruptcy No. 16-44782<br><br>ORDER DENYING APPELLANT'S MOTION FOR A STAY |

This matter comes before the Court on Appellant Gail Brehm Geiger's, Acting United States Trustee for Region 18, ("Trustee") motion for stay pending appeal (Dkt. 5). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On November 11, 2016, Cook Investments NW, SPNWY, LLC. ("Debtor") filed a Chapter 11 voluntary petition in the Western District of Washington United States Bankruptcy Court. *In re Cook Investments NW, SPNWY, LLC*, Case No. 16-44782-BDL (Bankr. W.D. Wash.), Dkt. 1.

On January 18, 2017, the Trustee moved to dismiss the petition for cause. *Id.*, Dkt. 32. The Trustee asserted that the Debtor entered into a lease with a commercial grower of marijuana, N.T. Pawloski LLC d/b/a Green Haven ("Green Haven"). *Id*. The Trustee argued that the petition should be dismissed for gross mismanagement of the estate because leasing a premises to an entity that grows marijuana violates the Controlled Substances Act, 21 U.S.C. § 801 *et seq. Id*.

On March 9, 2017, the court denied the motion with leave to renew because the Debtor asserted that it could propose a plan that specifically rejected the Green Haven lease. *Id.*, Dkt. 67.

On March 28, 2017, the Debtor filed a second amended plan of reorganization ("Plan"). *Id.*, Dkt. 93.

On April 3, 2017, the Debtor filed a motion for order authorizing rejection of unexpired lease. *Id.*, Dkt. 102.

On April 27, 2017, the Trustee filed an objection to the Plan arguing that "any confirmation order and related plan injunctions entered in this case would tacitly promote ongoing criminal conduct" regardless of whether the Plan accepted or rejected the Green

Haven lease. *Id*., Dkt. 125. The Trustee sought rejection of the Plan because it did "not meet the confirmation requirements of 11 U.S.C. § 1129(a)(3)." *Id*. at 2.

On May 22, 2017, the court granted the motion to reject the Green Haven lease and deemed the lease "rejected pursuant to Bankruptcy Code § 365(a), effective immediately." *Id*., Dkt. 138. The court also approved the Plan. *Id*., Dkt. 139.

On June 21, 2017, the court confirmed the Plan. *Id*., Dkt. 153. This appeal followed.

On June 28, 2017, the Trustee moved for a stay pending appeal. *Id*., Dkt. 160. On July 24, 2017, the court denied the motion. *Id*., Dkt. 186.

On July 27, 2017, the Trustee filed a motion for a stay pending resolution of the appeal. Dkt. 5. On August 7, 2017, the Debtor responded. Dkt. 7. On August 11, 2017, the Trustee replied. Dkt. 9.

## II. DISCUSSION

The question of whether a stay pending appeal is warranted requires consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Id*. at 433–34

## A. Merits

The first factor, likelihood of success on the merits, is not satisfied by a mere showing that the likelihood is "better than negligible" or that there is a "mere possibility of relief." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). While it is not necessary for the movant to show that it is more likely than not that it will win on the merits, "at a minimum" the movant must show that there is a "substantial case for relief on the merits." *Lair*, 697 F.3d at 1204 (quoting *Leiva–Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

In this case, the Trustee argues that "there is a substantial case for relief of the merits." Dkt. 5 at 8 (quoting *Lair*, 697 F.3d at 1204). In *Lair*, the district court struck down Montana's campaign contribution limits because it concluded that they violated the First Amendment. *Id*. at 1202. The court issued its ruling five weeks before the general election and after absentee voting had already begun. *Id*. More importantly, the Ninth Circuit had previously upheld the law against a First Amendment challenge, but the district court held that the Ninth Circuit's opinion was no longer binding in light of more recent Supreme Court opinions. *Id*. The Ninth Circuit granted the state's motion to stay pending appeal concluding, in part, that the state had made a "substantial case for relief on the merits." *Id*. at 1204.

The Trustee also relies on an order from this Court granting a motion to stay pending appeal. In *Costco Wholesale Corp. v. Hoen*, C04-360P, 2006 WL 2645183 (W.D. Wash. Sept. 14, 2006), the Court stated that "the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is

somewhat unclear." *Id*. at *2 (quoting *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 150 (D.Mass. 1998)). In previous orders, the Court held that Washington's regulations governing the sale and distribution of liquor violated federal anti-trust laws. *Costco Wholesale Corp. v. Hoen*, C04-360P, 2006 WL 1075218, at *1 (W.D. Wash. Apr. 21, 2006). The Court also concluded that the state's interest in regulating these products under the Twenty-First Amendment did not outweigh the federal interest in promoting competition. *Id*. at *13.

Relying on these two cases, the Trustee contends that it has presented serious questions on the merits. The bankruptcy code provides that the "court shall confirm a plan only if . . . [t]he plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3).

> [T]he purpose of 1129(a)(3) was to insure that the proposal of a plan of reorganization was to be done in good faith and not in a way that was forbidden by law. Indeed one commentator, in comparing Section 1129(a)(3) with its predecessor sections under the Bankruptcy Act, has indicated that the focus of 1129(a)(3) is upon the conduct manifested in obtaining the confirmation votes of a plan of reorganization and not necessarily on the substantive nature of the plan.

*In re Sovereign Group, 1984–21 Ltd.*, 88 B.R. 325, 328 (Bankr. D. Colo. 1988) (citing 5 Collier on Bankruptcy ¶ 1129.02 (15th ed. 1984)).

Without citation to a single authority on point, the Trustee argues that she has shown a substantial case for relief on the merits.[1] Specifically, the Trustee's position is

---

[1] The Court is unable to find a citation to any authority interpreting § 1129(a)(3) in the Trustee's objection to the plan (Case No. 16-44782-BDL, Dkt. 125), the Trustee's original motion for a stay (*id.*, Dkt. 160), the Trustee's original reply (*id.*, Dkt. 177), or the briefs filed in this appeal (Dkts. 5, 9).

that "[i]nterpreting the statute to require [or allow] courts to ignore ongoing criminal violations would be contrary to the settled principle that courts of equity should not use their equitable power to facilitate illegal conduct."[2] Dkt. 5 at 8.  This position ignores the fact that bankruptcy courts are neither regulatory nor criminal courts.  A rudimentary search of relevant authorities reveals that numerous courts have confirmed plans regardless of whether actual provisions of the plans result in the violation of federal or state laws.  *See*, *e.g.*, *In re Buttonwood Partners, Ltd.*, 111 B.R. 57, 59 (Bankr. S.D.N.Y. 1990) ("there is no requirement imposed by § 1129(a) that the contents of a plan comply in all respects with the provisions of all nonbankruptcy laws and regulations."); *In re Food City, Inc.*, 110 B.R. 808 (Bankr. W.D. Tex. 1990).

For example, in *Food City*, the court rejected the argument that a plan could not be confirmed if "the plan contains a provision which would run afoul of some other law." *Id*. at 813–14.  The court concluded that the authorities "couch the appropriate inquiry in terms of whether the plan represents a legitimate pursuit of reorganization and not an attempt to abuse the confirmation process to achieve some improper purpose." *Id*. at 814. "So long as the *proposal* of the plan is not 'by a means forbidden by law,' the plan should pass muster under that portion of section 1129(a)(3)." *Id*. at 813 (citing *In re Sovereign Group*, 88 B.R. at 328).

---

[2] The Trustee's use of the verb "facilitate" is interesting.  Facilitate is defined as "[t]o make the occurrence of (something) easier; to render less difficult."  Black's Law Dictionary (10th ed. 2014).  The Trustee fails to show how the adoption of the Plan will make Green Haven's business easier to operate.  In fact, confirming a plan that recognizes, but ignores recreational marijuana would be in line with the federal government's apparent stance on recreational marijuana, which is to recognize its existence despite federal laws criminalizing the conduct.

Despite these authorities, the Trustee is seeking a rule of law that extends to violations of law *beyond* the explicit scope of the proposed plan. The Trustee does not assert that a provision of the Plan violates a particular federal or state law. Instead, the Plan provides for sufficient payment to creditors without the inclusion of the monthly proceeds from the Green Haven lease. Thus, the proposal of the plan was not obtained by a means forbidden by law. Yet, the Trustee seeks to enjoin the bankruptcy court from confirming a reorganization plan that both the debtor and all creditors propose because of alleged tangential violations of nonbankruptcy law. Similar rules of law have been rejected because they "def[y] both law and logic." *Id*. at 813. "[A] rule which requires a debtor to affirmatively represent in its plan and disclosure statement that the plan does not violate any law imposes an unrealistic due diligence burden upon both the debtor and debtor's counsel." *Id*.

Although the alleged violation in this case was undisputed, the bankruptcy court rejected the Green Haven lease preventing the Debtor from relying on that income to obtain an agreed-upon Chapter 11 reorganization. The Trustee, however, requests enforcement of § 1129(a)(3) in such a way that would require the Debtor to certify that *all* of its business activities do not violate any law. Dkt. 5 at 2 (Debtor has not "presented evidence that the illegal activity would cease going forward. Thus, confirmation of the plan will facilitate the debtor's participation in known ongoing violations of federal criminal law . . . ."). The Trustee's proposed interpretation of § 1129(a)(3) is novel and substantially contrary to the existing authorities. Thus, the Court finds that the Trustee has failed to show a likelihood of success on the merits.

To the extent that the Trustee argues that she has presented serious questions in an unsettled area of the law, the issues presented pale in comparison to the issues presented in *Lair* and *Hoen*. In *Lair*, the order in question disrupted the campaign contribution laws for an entire state mere weeks before a presidential election, and the district court issued the order despite binding precedent to the contrary on the specific law in question. *Lair*, 697 F.3d at 1202. Similarly, in *Hoen*, the district court declared that the state's liquor regulations violated federal antitrust laws. *Hoen*, 2006 WL 1075218 at *13. Based on these examples, the confirmation of a factually specific bankruptcy plan is not a serious question on the merits. Moreover, the Trustee's proposed novel interpretation of § 1129(a)(3) does not make this area of the law "somewhat unclear." The Court is not sticking its head in the sand and recognizes the complexities of states allowing and regulating the sale of recreational marijuana despite federal laws criminalizing such conduct. The Court simply concludes that the issues involved in this appeal appear factually specific to bankruptcy and the movant's position, which has already been rejected by the bankruptcy court and appears contrary to every relevant authority reviewed by the Court. Therefore, the Court concludes that this factor does not weigh in favor of a stay.

**B.     Injury**

The second factor the Court must consider is "whether the applicant will be irreparably injured absent a stay . . . ." *Nken*, 556 U.S. at 426 (quoting *Hilton*, 481 U.S. at 776). The movant "must show that an irreparable injury is the more probable or likely outcome." *Leiva-Perez*, 640 F.3d at 968.

In this case, the Trustee argues that "[a] stay is needed to prevent the perception of a tacit federal judicial approval of criminal conduct." Dkt. 5 at 9.  When the Trustee moved for a stay pending appeal in the bankruptcy court, she asserted this argument as well as the argument that the creditors were at risk if a federal criminal prosecution was brought against the Debtor.  Case No. 16-44782-BDL, Dkt. 160 at 2, 8–9.  The bankruptcy court rejected the Trustee's position as follows:

> [T]he Court is mindful, as it pointed out, that the same risk of criminal prosecution which existed prior to the bankruptcy continues to exist postbankruptcy for this debtor. And this Court studiously avoided any act which would have countenanced the alleged illegal activity taking place on property of Cook, not only by rejecting the lease between the debtor and Green Haven, but in its findings that the plan does not depend or rely on, or is in any way predicated on the income from the lease with Green Haven to effectuate the debtors' plan.
> It is not this plan which is substantially injuring the integrity of the system. More likely it is the unwillingness of the Government to tackle the alleged violation of the Controlled Substances Act on its own merits.
> Columbia State Bank has indicated that they are supportive of the debtors' position, that this Court should not stay implementation of the order confirming the plan. The United States Trustee only offers a rather vague argument for other creditors involved in this case, one that's unpersuasive. The United States Trustee has failed to satisfy this element of the four-part test.

*Id*. Dkt. 180 at 32.  The Trustee has failed to show that any of these findings or conclusions are erroneous.  Indeed, if a stay issued, it is equally as likely that the public's perception of the bankruptcy court is tarnished because such an order would condone a bankruptcy court overreaching its judicial duties and frustrating the will of the people in the state of Washington expressed by the passage of the recreational marijuana laws.  Therefore, the Trustee has failed to show that staying confirmation of a plan that in no

way depends upon proceeds from a retail marijuana business would cause irreparable harm to the Trustee. This factor weighs against a stay.

C. **Injury to Other Parties**

The third factor the Court must consider is "whether issuance of the stay will substantially injure the other parties interested in the proceeding . . . ." *Nken*, 556 U.S. at 426 (quoting *Hilton*, 481 U.S. at 776).

In this case, the Trustee argues that neither the debtors nor the creditors would be substantially harmed by a stay. Dkt. 5 at 10. The Trustee asserts that the "debtors operated their businesses protected by the automatic stay prior to confirmation" and that a "stay will simply keep everyone in the same holding pattern that they were in during the first seven months of the case." *Id*. The bankruptcy court rejected these same arguments as follows:

> [T]he United States Trustee acknowledges that an appeal will stop the debtors from paying the creditors, other than Columbia State Bank, likely for years if this matter were to go to the court of appeals. Beyond that, a stay enhances the risk that circumstances will change, such that the creditors may never get paid. This particular point is important to this Court.
> As a practical matter, an issue which is really tangential to the rehabilitation of these debtors could derail a successful plan of reorganization, which but for the stay pending appeal would result in all of the creditors of these debtors being paid in a very few months. The Court believes that the United States Trustee has not met its burden of proof with respect to the third element.

Case No. 16-44782-BDL, Dkt. 180 at 32–33. The Debtor echoes the concerns of the bankruptcy court by arguing that the creditors and the Debtor will likely wait years to confirm reorganization if a stay is issued. Dkt. 7 at 10–11. The Trustee dismisses these

concerns as "not relevant . . . ." Dkt. 9 at 4. Contrary to the Trustee's position, the reorganization of the Debtor and payment to the creditors is the most important aspect of a Chapter 11 bankruptcy. The concerns of the Trustee on matters tangential to the reorganization plan should not "derail a successful plan of reorganization." Therefore, the Court agrees with the bankruptcy court that the Trustee has failed to meet her burden on this factor.

**D.     Public Interest**

The fourth factor the Court must consider is "where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton*, 481 U.S. at 776).

In this case, the Trustee argues that "the public interest clearly favors granting a stay" because the Trustee "seeks an outcome that not only applies the express language of the Bankruptcy Code, but avoids any possibility that confirmation could be seen as the endorsement of the debtors' violation of the Controlled Substances Act." Dkt. 5 at 11. First, the Trustee has failed to cite a single authority endorsing her proposed interpretation of the Bankruptcy Code. If the bankruptcy court issued a ruling contrary to the prevailing authorities, then the public may have an interest in preserving the uniformity of the law. However, it appears that the prevailing authority is contrary to the Trustee's position and adopting the Trustee's position would expand the scope of the bankruptcy court to concern itself with matters of all state and federal law. As such, the public interest lies in confirming a stipulated plan devoid of any apparent violation of law while the proposed novel interpretation of a federal statute works its way through the courts.

Second, the bankruptcy court specifically rejected the income from the contested business. The public interest lies in respecting that official rejection instead of claiming that the rejection was only symbolic and that, in reality, the official rejection was a tacit endorsement of ongoing criminal violations.

Finally, the Trustee ignores the public interest of the local state. The legalization of recreational marijuana was enacted by the people of Washington. This portion of the public does not have an interest in implementing every arm of the federal government to overcome the will of those who freely voted for the legalization of recreational marijuana. Therefore, the Court concludes that this factor does not weigh in favor of a stay.

**E.  Conclusion**

After considering the four factors based on the current record, the Court concludes that the Trustee has failed to meet her burden to show that a stay of the bankruptcy court's confirmation of the Plan is warranted. All four factors weigh against enjoining the execution of the stipulated Plan. The Court notes that this decision is only a preliminary ruling based on the current record and the Court's independent research that necessarily reached beyond the scope of the pleadings. Based on subsequent briefing and research, the Trustee may ultimately succeed on its appeal. At this point, however, the relevant factors weigh in favor of confirmation and enforcement of the Plan while the proposed novel interpretation of § 1129(a)(3) works its way through the judicial system.

## III. ORDER

Therefore, it is hereby **ORDERED** that Trustee's motion for stay pending appeal (Dkt. 5) is **DENIED**.

Dated this 24th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge