UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>COOK INVESTMENTS NW, SPNWY, LLC., et al.,<br><br>      Debtors,<br><br>GREGORY M. GARVIN, Acting United States Trustee for Region 18,<br><br>      Appellant,<br>  v.<br><br>COOK INVESTMENTS NW, SPNWY, LLC., et al.,<br><br>      Appellees. | CASE NO. 17-5516 BHS<br><br>Bankruptcy No. 16-44782<br><br>ORDER DENYING TRUSTEE'S MOTION TO STAY |

  This matter comes before the Court on the motion to stay judgment pending appeal filed by Appellant Gregory Garvin, Acting United States Trustee for Region 18, ("Trustee").  Dkt. 18. The Court has considered the pleadings filed in support of and in opposition to the appeal and the remainder of the file and hereby denies the motion for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL AND FACTUAL BACKGROUND

On November 21, 2016, Cook Investments NW, SPNWY, LLC filed a Chapter 11 voluntary petition in the Western District of Washington United States Bankruptcy Court. Dkt. 12, Excerpts of Record ("ER") at 2. On December 15, 2016, the bankruptcy court ordered joint administration of related bankruptcy cases joining the voluntary bankruptcy petitions of Cook Investments NW, DARR, LLC ("Darrington"); Cook Investments NW, FERN, LLC; Cook Investments NW, LLC ("Cook Investments"); and Cook Investments NW, ARL, LLC (collectively, with Cook Investments NW, SPNWY, LLC, referred to as "Debtors"). ER 43–44.

Michael Cook owns and manages the Debtors. In 2006, Cook Investments secured a loan from Columbia State Bank ("Bank"). Mr. Cook personally guaranteed the loan and the note was also secured by Debtors' properties. Each of the four debtors, exclusive of Cook Investments, owns a commercial business property. Cook Investments defaulted on the loan, the Bank obtained a judgment against Cook Investments, and the Bank sought to enforce the judgment forcing the Debtors to file for bankruptcy protection.

In 2015, Darrington leased part of its property to N.T. Pawloski LLC, d\b\a Green Haven. The lease term is for five years with an option to renew for an additional five years and requires Green Haven to pay $10,000 per month. Relevant to the appeal, Green Haven is a state-licensed grower of marijuana and the lease prohibits Green Haven from using the premises for any purpose other than growing marijuana.

On January 18, 2017, the Trustee moved to dismiss the petition for cause. ER 45–51. The Trustee argued that the petition should be dismissed for gross mismanagement of the estate because leasing premises to an entity that grows marijuana violates the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. *Id*. On March 9, 2017, the bankruptcy court denied the motion with leave to renew because Debtors asserted that they could propose a plan that specifically rejected the Green Haven lease. ER 139–145.

On March 28, 2017, Debtors filed a second amended plan of reorganization ("Plan"). ER 155–72.

On April 3, 2017, Debtors filed a motion for order authorizing rejection of unexpired lease requesting that the bankruptcy court reject the Green Haven lease. ER 173–76.

On April 27, 2017, the Trustee filed an objection to the Plan arguing that "any confirmation order and related plan injunctions entered in this case would tacitly promote ongoing criminal conduct" regardless of whether the Plan accepted or rejected the Green Haven lease. ER 193–99. The Trustee sought rejection of the Plan because it did "not meet the confirmation requirements of 11 U.S.C. § 1129(a)(3)." ER 194. Section 1129(a)(3) requires that the "plan has been proposed in good faith and not by any means forbidden by law."

On May 22, 2017, the bankruptcy court granted the motion to reject the Green Haven lease and deemed the lease "rejected pursuant to Bankruptcy Code § 365(a), effective immediately." ER 200–201.

On June 21, 2017, the bankruptcy court confirmed the Plan. ER 234–243. In confirming the Plan, the bankruptcy court considered the interpretation of § 1129(a)(3). The bankruptcy court rejected Debtors' narrow interpretation of the section where a bankruptcy court "should not look to the content of the plan at all in analyzing compliance" with the code. ER 239. Instead, the bankruptcy court concluded that, "when [it] is presented with an undisputed, known criminal violation, the Court cannot ignore [the violation] and fail to consider whether [the court] is confirming a plan that is premised on known illegal behavior." ER 241. Under this interpretation of § 1129(a)(3), the bankruptcy court found and concluded as follows:

> Debtors are presenting a plan based on income of all other Debtors. Payments under the plan will be made from non-marijuana related income. The lease to Green Haven is not only not assumed in the Second Amended Plan, it has been specifically rejected. The secured creditor has agreed to its treatment, and unsecured creditors are to be paid in full within five months of confirmation. The Court concludes Debtors' Plan is proposed "in good faith and not by any means forbidden by law" as required by Section 1129(a)(3).

ER 242. This appeal followed.

On July 27, 2017, the Trustee filed a motion to stay the confirmation pending appeal. Dkt. 5. The Trustee argued that "section 1129(a)(3) of the Bankruptcy Code prohibits the confirmation of a chapter 11 plan that invites the violation of federal criminal law" and that courts of equity should not be used to "facilitate illegal conduct." *Id*. at 8. On August 24, 2017, the Court denied the motion concluding, in part, that the Trustee had failed to establish a likelihood of success on the merits. Dkt. 10.

On December 18, 2017, the Court affirmed the bankruptcy court. Dkt. 16. In relevant part, the Court rejected the Trustee's broad interpretation of § 1129(a)(3) that bankruptcy courts should refuse to confirm plans that "envision" or "perpetuate" illegal activity. *Id*. at 5–6. Instead, the Court concluded that § 1129(a)(3) precludes plans that depend upon illegal activity. *Id*. On December 21, 2017, the Clerk entered judgment. Dkt. 17.

On February 15, 2018, the Trustee filed the instant motion requesting a stay of the judgment while it contemplates an appeal. Dkt. 18. The very next day, on February 16, 2018, the Trustee filed an appeal. Dkt. 19. On February 26, 2018, the Debtors responded arguing that the motion is not timely and that it otherwise fails on the merits. Dkt. 21. On March 2, 2018, the Trustee replied. Dkt. 22.

## II. DISCUSSION

### A. Timing

"On a party's motion and notice to all other parties to the appeal, the district court . . . may stay its judgment pending an appeal to the court of appeals." Fed. R. Bankr. P. 8025(b)(1). "If, before a stay expires, the party who obtained the stay appeals to the court of appeals, the stay continues until final disposition by the court of appeals." *Id*. 8025(b)(3).

In this case, the Debtors argue that the Trustee's motion is untimely because Fed. R. Bankr. P. 8025(b) is intended only to provide additional time to contemplate an appeal. Dkt. 21 at 7. Now that the Trustee has appealed, the Debtors argue that the motion for a stay is moot. *Id*. District courts seem to be split on whether they may rule

on a motion for a stay after an appeal has been filed. *See*, *e.g.*, *In re Lambert Oil Co., Inc.*, 375 B.R. 197, 199 (W.D. Va. 2007) ("In light of the recognized inherent power of inferior courts to preserve the status quo pending appeals, the fact that [former] Rule 8017 appears to anticipate a stay prior to the filing of a notice of appeal, does not preclude the opposite."); *In re One Westminister Co., Inc.*, 74 B.R. 37, 38 (D. Del. 1987) (former Rule 8017 "plainly contemplates the grant of a stay by the district court or bankruptcy appellate panel only in the period before an appeal is taken to the court of appeals."). The Court is unaware of, and the Trustee has failed to provide, any authority for the proposition that the Court has either the explicit or inherent authority to *alter* the status quo pending appeal. It is undisputed that the parties are currently performing obligations under the Plan. In the absence of either binding or persuasive authority, the Court declines the Trustee's invitation to interpret Rule 8025(b) such that the Court may alter the status quo after an appeal has been filed. Besides, the Trustee may ask the Circuit to stay pending appeal. Fed. R. Bankr. P. 8025(d)(1).

Therefore, the Court concludes that the Trustee's motion to alter the status quo after an appeal has been filed is untimely. Although this is sufficient reason to deny the motion, the Court will also address the merits.

**B.    Merits**

The question of whether a stay pending appeal is warranted requires consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Id*. at 433–34.

In this case, the Trustee has failed to show that he is likely to succeed on the merits. First, the Trustee is the party pursuing a novel and expansive interpretation of the relevant statute. The Court has rejected both attempts by the Trustee to expand the scope of the bankruptcy code. Dkts. 10, 16. Nothing in the current briefing shows that the Trustee is likely to be successful on appeal.

Second, the Trustee relies on a new, third position to establish a likelihood of success on the merits. The Trustee has identified language in the Plan agreement that requires the commingling of monthly rents from the legal business and the illegal marijuana business. Dkt. 18 at 8. Basically, all the Debtors' income must be deposited in one bank account with the Bank. *Id*. Although the Trustee fails to explain how this provision undermines the Court's conclusion that the Plan does not depend on the marijuana-related income, this provision strengthens the Trustee's argument that the Debtors are grossly mismanaging the estate. *See In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 806 (Bankr. D. Colo. 2012) (even though it was "highly improbable" that the entire warehouse would be subject to forfeiture when only one part of it was used to grow marijuana, the court concluded that the debtor was grossly mismanaging the estate by allowing the marijuana grow operation); *United States v. One Single Family Residence Located at 15603 85th Ave. N., Lake Park, Palm Beach Cty., Fla.*, 933 F.2d 976, 981

(11th Cir. 1991) (legitimate funds are subject to forfeiture when claimant to forfeiture action has actual knowledge, at any time prior to initiation of forfeiture proceeding, that claimant's legitimate funds are commingled with drug proceeds).  The main problem, however, is that the Trustee has presented this argument for the first time in this motion. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.")  Given the untimeliness and the possibility that the Trustee may have waived the gross mismanagement issue, Dkt. 16 at 8, the Court finds that the Trustee has failed to show a likelihood of success on the merits on appeal.  Thus, the Trustee has failed to meet its burden to obtain a stay.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Trustee's motion to stay judgment pending appeal (Dkt. 18) is **DENIED**.

Dated this 26th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge